# IN THE COURT OF APPEALS OF TENNESSEE
## MIDDLE SECTION AT NASHVILLE

JIMMY E. SMITH,                    )
                                   )
    Plaintiff/Appellee,         )
                                   )
                                   )    Warren General Sessions
                                   )    No. 6212
VS.                                )
                                   )    Appeal No.
                                   )    01A01-9602-GS-00074
CONNIE SUE ARGO SMITH,             )
                                   )
    Defendant/Appellant.        )

## OPINION
## CONCURRING IN PART AND
## DISSENTING IN PART

**FILED**

**October 4, 1996**

**Cecil W. Crowson**
**Appellate Court Clerk**

I concur with the majority's conclusion that the criteria for determining the validity of antenuptial agreements announced in *Randolph v. Randolph,* ___ S.W.2d ___, ___ (Tenn. 1996)[1] should be applied to reconciliation agreements. I also agree with the majority's determination that the reconciliation agreement involved in this case is not enforceable because Mr. Smith has not demonstrated by a preponderance of the evidence that he disclosed the value of his interest in National Sheet Metal Company to Ms. Smith or that Ms. Smith had independent knowledge of the nature, extent and value of this interest. Accordingly, I agree that the trial court erred by enforcing the reconciliation agreement.

I cannot agree, however, with the majority's conclusion that the trial court's decision to enforce the reconciliation agreement was harmless. There is evidence in the record indicating that the value of Mr. Smith's interest in National Sheet Metal Company could be worth as much as $1,000,000. Mr. Smith rebuffed Ms. Smith's attempts to ascertain the value of his interest in the business during discovery and was, as the majority points out, unresponsive to similar questions

---

[1]*Randolph v. Randolph,* App. No. 03S01-9510-CV-00119, slip op. at 14-15 (Tenn. Sept. 9, 1996) (Opinion designated "For Publication").

during the trial. The majority's harmless error finding rewards Mr. Smith for the very type of conduct that the courts should not tolerate or condone.

The parties' marital estate, not including the increase in the value of Mr. Smith's interest in his business during the marriage, is relatively modest. Treating this interest as marital property could affect the division of the marital estate and the award of spousal support. Even if the increase in the value of Mr. Smith's interest in his business during the marriage is treated as marital property, the essential purpose of the reconciliation agreement can be fulfilled by awarding the interest in the business to Mr. Smith and by making an off-setting cash award to Ms. Smith.

Accordingly, I would remand the case to the trial court with directions to treat the increase in the value of Mr. Smith's interest in National Sheet Metal Company as marital property, to place a value on this interest, and then to reconsider the division of marital property and Ms. Smith's request for spousal support.

_____
WILLIAM C. KOCH, JR., JUDGE